**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **SONNY FARRIS and ALYCIA FARRIS, on behalf of themselves and all others similarly situated,** | |
| **Plaintiffs,** | **Case No.: 3:21-cv-1975** |
| **vs.** | **CLASS ACTION COMPLAINT** |
| **GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO and GEICO COUNTY MUTUAL INSURANCE COMPANY,** | **Jury Trial Demanded** |
| **Defendants.** | |

## CLASS ACTION COMPLAINT

Plaintiffs Sonny Farris and Alycia Farris ("Plaintiffs"), bring this class action on behalf of themselves and all others similarly situated, by and through undersigned counsel, and for their Complaint against Government Employees Insurance Company d/b/a GEICO ("Government Employees") and its subsidiary GEICO County Mutual Insurance Company ("GEICO County") (collectively, "GEICO Defendants") state and allege as follows:

## INTRODUCTION

1. In April 2020, Plaintiff Alycia Farris was involved in an accident that resulted in Plaintiffs' 1999 Cadillac Escalade being determined by Defendants to be a total loss.

2. Pursuant to their insurance policy, Defendants settled Plaintiffs' claim by purporting to pay them the actual cash value ("ACV") of their totaled vehicle.

3.      Under the terms of Plaintiffs' policy of insurance (the "Policy"), Defendants were liable to Plaintiffs for the ACV of their totaled vehicle, and this is the amount Defendants purported to pay Plaintiffs.

4.      Plaintiffs' Policy, which is materially identical to all Defendants' policies of insurance, defines ACV, in pertinent part, as "the replacement cost of the auto or property less depreciation[.]"

5.      Vehicle registration fees are a component of "replacement cost" for a vehicle insured by Defendants in Texas, including for Plaintiffs' total loss vehicle, and therefore, the vehicle registration fee is a required component of the loss vehicle's ACV as defined under the Policy.

6.      Texas law imposes a minimum registration fee of $51.75 for passenger vehicles, plus an additional fee depending on the county that the vehicle is registered in. These fees are not optional; a Texas vehicle cannot be legally driven without paying these fees and registering the vehicle.

7.      In Clay County, where Plaintiffs reside, registration fees total $74.00.

8.      Defendants' failure to pay the required vehicle registration fees as a component of "replacement cost" breached the express terms of the Policy.

9.      Accordingly, Plaintiffs seek, on behalf of themselves and the putative class members, the full Policy benefits that they paid for and were promised when they entered into an agreement with Defendants and paid premiums for insurance coverage. On behalf of themselves and the putative class members, Plaintiffs seek compensatory damages in the amount of unpaid replacement costs; statutory interest of 18% for Defendants' failure

to pay their claims promptly, as required by the Prompt Payment Act; attorneys' fees; and costs.

## JURISDICTION AND VENUE

10.     Minimal diversity exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1441(a)-(b), and 1453. Plaintiffs and many members of the putative Classes are citizens of Texas. Over the course of the class period, numerous members of the putative Classes have subsequently moved to a foreign state and are currently citizens of a state other than Texas. Defendant Government Employees is a citizen of the State of Maryland. Defendant GEICO County is a citizen of the State of Texas. This is a class action with significantly more than 100 members of the putative classes and where the matter or controversy exceeds $5,000,000.  Accordingly, this Court has jurisdiction under CAFA.

11.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) and 1441(a), as a substantial portion of the conduct giving rise to Plaintiffs' claims occurred in this District, both Defendants transacts significant business in this District and Defendant GEICO County resides in this District.

## PLAINTIFFS

12.     Plaintiffs Sonny and Alycia Farris reside in Clay County and are citizens of the State of Texas. At all relevant times hereto, Plaintiffs had a contract with GEICO County for automobile insurance. On or about April 8, 2020, Plaintiffs' insured vehicle was deemed a total loss.

## DEFENDANTS

13.     Defendant Government Employees has its corporate headquarters located at 5260 Western Avenue, Chevy Chase, MD 20815. According to its website,

https://www.geico.com/about/corporate/corporate-ownership/, Government Employees conducts business in Texas and throughout most of the United States under the brand GEICO and through its subsidiaries (the "GEICO Companies"), insurance agents and other company personnel. The GEICO Companies include Government Employees, GEICO County, GEICO Advantage Insurance Company, GEICO Choice Insurance Company, GEICO General Insurance Company, GEICO Indemnity Company, and GEICO Secure Insurance Company. Government Employees, GEICO County, and the other GEICO Companies market collectively under the trademark GEICO.

14.     Upon information and belief, Government Employees performs substantially all insurance operations of the GEICO Companies, including the following four GEICO Companies with whom Government Employees markets and issues insurance polices, collects premium payments, and processes claims in Texas: GEICO County, GEICO General, GEICO Indemnity Company, and GEICO Advantage Insurance Company.

15.     Most relevant to this action, Government Employees—on behalf of itself and the four subsidiary GEICO Companies relevant in Texas—adjusts total loss automobile claims made on policies of insurance issued by Government Employees and any of the four subsidiary GEICO Companies in Texas, pursuant to the same policies and practices, by the same adjuster employees working in the same central Claims Centers, utilizing a single website (www.geico.com). Government Employees recruits claims representatives in Texas through its website (www.careers.geico.com). Those job postings state "GEICO is looking for Claims Service Representatives" and refer throughout to "GEICO" as the entity advertising for employment. Ex. 1.

16.     On its corporate ownership website, Government Employees expressly defines GEICO to mean "Government Employees Insurance Company" and describes all other entities as its "affiliates." Ex. 2.

17.     Additionally, the valuation report Defendants obtained to adjust the value of Plaintiffs' total loss claim refers throughout to "GEICO" without differentiating between the GEICO entities or ever mentioning GEICO County Mutual Insurance Company. Ex. 3 at 1, 2, 4, 6, 12 & 14.

18.     This is because, as detailed at the GEICO Companies' website, Government Employees investigates, handles, and adjusts all insurance claims using the same policies and procedures, regardless which GEICO Company or Companies issued the relevant policy. Ex. 2. These common policies and procedures, implemented by the same adjuster employees, apply specifically to the "Total Loss Process" for adjusting claims for actual cash value when a total loss is covered by the policy. *Id.*

19.     Indeed, in August 2020, the Texas Commissioner of Insurance took disciplinary action against the "GEICO companies"—defined as the same companies identified in paragraph 14 above—for their common claims-adjustment practice of failing to pay statutory interest to policyholders when the GEICO Companies paid personal automobile claims late. Ex. 4

20.     In response to the Commissioner's investigation, the GEICO Companies represented, without differentiating between the companies, that they failed to pay claims for the same reasons (Ex. 4 at ¶¶ 10–13) and agreed to take remedial measures by amending their claims-adjusting policies and procedures for paying claims timely, (*id.* at ¶ 23).

21.     More specifically, all "GEICO claims adjusters completed training on the updated claim handling procedures," and the GEICO Companies hired a "a performance monitoring supervisor and team with responsibility to track claims that have not been paid within five business days of acceptance of the claim" and a "regional compliance manager and four compliance analysts" to assist in complying with Texas law. *Id.* at ¶¶ 23d.–f. Upon further information and belief, Government Employees is the custodian of record for the GEICO Companies, including GEICO County; Government Employees employed and paid the adjusters who adjusted Plaintiffs' and the putative Classes' total loss claims; and Government Employees was directly and primarily involved in the wrongdoing alleged herein as the adjustor of the total loss claims.

22.     Consistent with all the above, insurance policies issued by all the GEICO Companies are signed by Government Employees' president and secretary.  Ex. 5 at 17. Similarly, the "welcome" letter accompanying the policy is signed by Government Employee's Chairman (Ex. 6), the Declarations Page and insurance card prominently lists "GEICO" (Government Employees) and provides the telephone number for the Government Employees central claims center and the address of the Government Employees regional policy processing center, and the payment option information directs that checks be mailed to Government Employee's address (Ex. 7).

23.     Defendant GEICO County (GEICO County Mutual Insurance Company) is a subsidiary of Government Employees. GEICO County provides policies of automobile insurance in the State of Texas. GEICO County markets and sells insurance policies throughout the State of Texas and pays property-damage claims to residents of the State of Texas, including Plaintiffs.

24.     Defendant GEICO County is a subsidiary of Government Employees headquartered in Dallas County at 2280 N. Greenville Ave., Richardson, TX 75082. GEICO County conducts business in Texas by providing automobile insurance services to individuals.

**FACTUAL ALLEGATIONS**

25.     Plaintiffs, like all proposed members of the Classes have, had, or were covered under a contract of automobile insurance with Defendants, which provided coverage for losses for physical damage. Throughout the relevant time period, Plaintiffs, as well as each member of the putative Classes, complied with all terms of their policies and paid all premiums owed.

26.     Plaintiffs' Policy, which is materially identical to all Defendants' policies of insurance, provided automobile collision coverage based on the loss vehicle's ACV in the event of a total loss.

27.     The Policy defines ACV as "the replacement cost of the auto or property less depreciation and a deduction for any prior damage to the auto or property." Ex. 5 at 10 (alterations omitted).

28.     On or about April 8, 2020, Plaintiff Alycia Farris was involved in an automobile collision that resulted in damage to the covered vehicle. Plaintiffs filed a claim with Defendants for the physical damage to the vehicle caused by the collision.

29.     Defendants determined that the insured vehicle was a total loss and that the claim was a covered claim.

30.     Defendants determined that the amount to be paid to Plaintiffs was $2,591.68 ($3,064.68 plus $28.00 for unspecified "State and Local Regulatory Fees" less $501.00 deductible.).[1] Ex. 8.

31.     Governmental taxes and fees—including sales tax, title transfer, and vehicle registration fees—are necessary components of a vehicle's "replacement cost," due to the fact that a replacement vehicle cannot be legally driven without these costs being paid in full.

32.     On information and belief, the $28.00 was for title transfer fees, one component of "replacement cost."

33.     Defendants, however, failed to pay Plaintiffs any amount in registration fees. The minimum vehicle registration fee in Texas is $51.75. Clay County includes additional vehicle registration fees that bring the total to $74.00. Therefore, Plaintiffs were owed at least $74.00 to cover the costs of registration fees that would be necessarily incurred in replacing the totaled vehicle.

34.     As stated above, vehicle registration fees are not optional charges.

35.     To drive a vehicle legally in Texas, registration fees must be paid to both the state and the county in which the vehicle is registered.

36.     As such, registration fees are a necessary component of a loss vehicle's replacement cost, which also means that registration fees are owed to Defendants' policyholders as part of ACV as Defendants chose to define the term in their policies of insurance.

--------

[1] *See* Exhibit 8 (Total Loss Settlement Explanation).

37.     On information and belief, Government Employees, whose corporate officers are signatories of Plaintiffs' Policy, makes all decisions regarding what fees are owed to insureds in the State of Texas.  The decision not to pay registration fees owed as a component of "replacement cost" to Texas insureds was Government Employees'.

38.     Upon information and belief, Defendants systematically fail to pay vehicle registration fees as a component of the replacement cost of their insureds' total loss vehicles.  Because Defendants did not pay registration fees in their claims payments to Plaintiffs and members of the Classes, Plaintiffs and each member of the Classes did not receive the actual cash value they were entitled to under the express terms of their policies with Defendants.

39.     Despite paying all premiums due under their policies and fulfilling all other applicable terms and conditions necessary for coverage, Defendants have denied Plaintiffs, as well as the putative members of the Classes, the benefit of the bargain they were owed. Accordingly, Defendants have breached the express terms of Plaintiffs' Policy and each putative Class and Subclass members' policy.

## CLASS ACTION ALLEGATIONS

40.     This action is brought by Plaintiffs as a class action, on their own behalf and on behalf of all others similarly situated, under Rule 23 of the Federal Rules of Civil Procedure, for compensatory damages, statutory interest, attorney's fees and costs. Plaintiffs seek certification of this action as a class action on behalf of the following class and subclass (collectively, the "Classes"):

> **Class (Against Government Employees)**: All persons who made a first-party claim on a policy of insurance issued by Government Employees and any of the subsidiary GECIO Companies (including

GEICO County, GEICO General Insurance Company, GEICO Indemnity Company, and GEICO Advantage Insurance Company) to a Texas resident who, from the earliest allowable time through the date of resolution of this action, received compensation for the total loss of a covered vehicle, and did not receive compensation for vehicle registration fees as part of their total loss settlement payment.

**Subclass (Against Government Employees and GEICO County)**: All persons who made a first-party claim on a policy of insurance issued by Government Employees and GEICO County to a Texas resident who, from the earliest allowable time through the date of resolution of this action, received compensation for the total loss of a covered vehicle, and did not receive compensation for vehicle registration fees as part of their total loss settlement payment.

41.     Excluded from the Classes are Defendants, any parent, subsidiary, affiliate, or controlled person of Defendants, as well as the officers and directors of Defendants and the immediate family members of any such person. Also excluded is any judge who may preside over this cause of action.

42.     The exact number of the Classes, as herein identified and described, is estimated to be greater than 50,000 members. According to the Texas Department of Insurance, Defendants account for over 12.5% of private passenger automobile insurance policies issued in Texas.[2] Accordingly, the Classes are so numerous that joinder of individual members herein is impracticable.

43.     There are common questions of law and fact in the action that relate to and affect the rights of each member of the Classes, and the relief sought is common to the Classes. In particular, the common questions of law and fact include:

---

[2] Top 40 List of Insurers, TDI: Texas Department of Insurance, https://www.tdi.texas.gov/company/top40.html#auto (last accessed July 29, 2021).

a.        Whether Defendants systemically fail to pay vehicle registration fees as a component of the replacement cost of their insureds' total loss vehicles;

b.        Whether, through the above referenced practice, Defendants failed to pay their insureds the actual cash value of their loss vehicles, breaching their contract with its insureds;

c.        Whether, through the above referenced practices, Defendants violated Tex. Ins. Code § 542.060 by wrongfully withholding a portion of total loss claims payments;

d.        Whether Plaintiffs and members of the Classes are entitled to compensatory damages in amounts withheld from their payments based on amounts withheld as registration fees;

e.        Whether Plaintiffs and members of the Classes are entitled to damages under Tex. Ins. Code § 542.060(a) in the amount of interest on the amount of the claim at the rate of 18% a year; and

f.        Whether Plaintiffs and members of the Classes are also entitled to attorney's fees under Tex. Ins. Code § 542.060(a) and (b).

44.      The claims of the Plaintiffs, who are representative of the Classes herein, are typical of the claims of the proposed Classes, in that the claims of all members of the proposed Classes, including the Plaintiffs, depend on a showing of the same acts of Defendants giving rise to the rights of Plaintiffs to the relief sought herein. There is no conflict between the individually named Plaintiffs and other members of the proposed Classes with respect to this action, or with respect to the claims for relief set forth herein.

11

45.    The named Plaintiffs are the representative parties for the Classes, and are able to, and will fairly and adequately, protect the interests of the Class. The attorneys for Plaintiffs and the Classes are experienced and capable in complex civil litigation, insurance litigation, and class actions.

46.    Class certification is appropriate under Rule 23(b)(3) because the common questions of law and fact in this case predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation. The class action procedure would permit a large number of injured persons to prosecute common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence and effort. Class treatment also would permit the adjudication of claims by members of the Classes whose claims are too small and complex to individually litigate against large corporate defendants, such as Defendants here.

<u>FIRST CAUSE OF ACTION</u>
**BREACH OF CONTRACT**
(ON BEHALF OF PLAINTIFFS AND MEMBERS OF THE CLASS AND SUBCLASS)

47.    Plaintiffs hereby repeat and reallege all preceding paragraphs contained herein.

48.    This cause of action is asserted on behalf of (i) Plaintiffs and members of the Class against Defendant Government Employees; and (ii) Plaintiffs and members of the Subclass against Defendants Government Employees and GEICO County.

49.     Plaintiffs and each member of the Classes had an automobile insurance contract with Defendants and performed all requirements thereunder, including the payment of all premiums owed.

50.     Plaintiffs and each member of the Classes made a claim under their contract with Defendants for damage to their covered vehicles, which were declared a total loss by Defendants.

51.     Defendants' policies with Plaintiffs and members of the Classes required Defendants to pay them the totaled vehicle's ACV, defined thereunder as "replacement cost of the auto or property less depreciation[.]"

52.     Vehicle registration fees are a component of a loss vehicle's replacement cost.

53.     Despite this, Defendants failed to pay Plaintiffs and members of the Classes vehicle registration fees.

54.     Defendants' failure to provide coverage breached the contract with Plaintiffs and each member of the Classes, depriving them of the benefit of their bargain with Defendants.

55.     As a result of this breach, Plaintiffs, and members of the Class and Subclass, suffered damages in the form of the amount of the vehicle registration fees that were wrongfully withheld by Defendants.

## SECOND CAUSE OF ACTION
## TEXAS INSURANCE CODE § 542.060
(ON BEHALF OF PLAINTIFFS AND MEMBERS OF THE CLASS AND SUBCLASS)

56.     Plaintiffs hereby repeat and reallege all preceding paragraphs contained herein.

57.     Plaintiffs and each member of the Classes had an automobile insurance contract with Defendants and performed all requirements thereunder, including the payment of all premiums owed.

58.     Plaintiffs and each member of the Classes made a claim under their contract with Defendants for damage to their covered vehicles, which were declared a total loss by Defendants.

59.     Defendants' policies with Plaintiffs and members of the Classes required Defendants to pay them the totaled vehicle's ACV, defined thereunder as "replacement cost of the auto or property less depreciation[.]"

60.     Defendants failed to pay Plaintiffs and members of the Classes actual cash value by failing to pay vehicle registration fees.

61.     Under Texas law, "if an insurer, after receiving all items, statements, and forms reasonable requested and required under Section 542.055, delays payment of the claim for a period exceeding . . . 60 days, the insurer shall pay damages and other items as provided by Section 542.060." Tex. Ins. Code § 542.058.

62.     As with all members of the Classes, Defendants were in receipt of "all items, statements, and forms" necessary to determine Plaintiffs' insured vehicle was a total loss, to determine they owed coverage on that loss, and to value the total loss vehicle.

63.     Defendants determined the amount of Plaintiffs' total loss settlement on or before May 5, 2020.

64.     Nevertheless, since that date, Defendants have delayed paying the claim in full, as required by the express terms of their policies of insurance.

65.      Accordingly, Plaintiffs and members of the Classes are entitled to damages under Tex. Ins. Code § 542.060(a) in the amount of interest on the amount of the claim at the rate of 18% a year.

66.      Plaintiffs and members of the Classes are also entitled to attorney's fees under Tex. Ins. Code § 542.060(a) and (b).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all members of the Class and Subclass, respectfully request that this Court:

a)      determine that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, appoint Plaintiffs as class representatives, and appoint undersigned counsel as Class Counsel;

b)      enter an order finding that Defendants' actions described herein constitute a breach of contract;

c)      enter an order finding that Defendants' actions described herein constitute a violation of Tex. Ins. Code § 542.058;

d)      award Plaintiffs and members of the Classes actual damages according to proof;

e)      award interest in the amount of 18% pursuant to Tex. Ins. Code § 542.060;

f)      award pre-judgment and post-judgment interest at the maximum rate permitted by applicable law;

g)      award reasonable attorneys' fees and costs pursuant to applicable law; and

h)      grant such other legal and equitable relief as the Court may deem appropriate.

**JURY DEMAND**

Plaintiffs and members of the Classes hereby request a trial by jury.

Dated August 24, 2021                    Respectfully submitted,

                                         CARNEY BATES & PULLIAM, PLLC


                                         By:   /s/ Randall K. Pulliam
                                               Randall K. Pulliam
                                               Texas Bar No. 24048058
                                               rpulliam@cbplaw.com
                                               Joseph Henry Bates III (Admitted N.D. Texas)
                                               hbates@cbplaw.com
                                               E. Lee Lowther III (Admitted N.D. Texas)
                                               llowther@cbplaw.com
                                               519 W. 7th St.
                                               Little Rock, AR 72201
                                               Telephone: (501) 312-8500
                                               Facsimile: (501) 312-8505

                                               Allen M. Stewart
                                               Texas Bar No. 19202030
                                               astewart@allenstewart.com
                                               Scott R. Frieling
                                               Texas Bar No. 24012659
                                               sfrieling@allenstewart.com
                                               Lee B. Lesher
                                               Texas Bar No. 24049157
                                               llesher@allenstewart.com
                                               **Allen Stewart, P.C.**
                                               1700 Pacific Avenue, Suite 2750
                                               Dallas, Texas 75201
                                               Telephone: (214) 965-8700
                                               Facsimile: (214) 965-8701


                                         **ATTORNEYS FOR PLAINTIFFS**